UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RALPH E. LUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:07-CV-0258 PS |
| | ) | |
| CAPTAIN JAY D. KAY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Ralph Luster, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Marion City police officer Jay Kay violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se*

litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Luster brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Luster alleges that on October 30, 2003, Officer Kay arrested him without a warrant and "without proper cause." (Complaint at p. 3). He then took Luster to the Marion General Hospital, where Luster "was forced to give a sample of his body fluid (Blood)." (Complaint at p.3). Luster was charged criminally and alleges that he remained in jail on these charges until March 28, 2005, without going to trial, in violation of Indiana criminal rules and the Constitution's Sixth Amendment. Luster states that he was then released on his own recognizance, and that on October 8, 2007, he received a letter from his attorney stating that the charges had been dismissed. (In the meantime, Luster was rearrested on another offense and is currently serving a sentence in the Westville Correctional Center).

2

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The clerk of this court received the complaint in this case on October 15, 2007. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. *See Boyd v. Anderson*, 265 F. Supp. 2d 952, 967 (N.D. Ind. 2003).  Because Mr. Luster signed his complaint on October 8, 2007, the court considers any events occurring before October 8, 2005, as beyond the statute of limitations. All of the events Luster complains of in his complaint

3

concerning his arrest and allegedly forced blood sample occurred before October 8, 2005 and are therefore barred by the statute of limitations.

Luster's Sixth Amendment is based on the allegations that he was arrested on October 30, 2003 and that the charges against him were not dismissed until approximately October 8, 2007. This claim must be dismissed because there is nothing in his complaint that remotely suggests that Officer Kay participated in or somehow caused the late scheduling of his trial.  A defendant cannot be held liable under § 1983 unless he has personally participated in the alleged constitutional deprivation. *See Harper v. Albert*, 400 F.3d 1052, 1062 (7th Cir. 2005).   Nor would Luster have a damages claim against the prosecutor or judge, since both are entitled to absolute immunity from damages for claims relating to their conduct which is intimately associated with the judicial phase of the criminal process. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (prosecutors); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)(judges).  Because all federal claims raised by Luster's complaint are dismissed, I  will decline to exercise jurisdiction over his claim that Defendant violated Indiana Criminal Rule 4. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court **DISMISSES** this complaint and **DIRECTS** the clerk to close this case.

**SO ORDERED**.

ENTERED: January 24, 2008

 /s Philip P. Simon
Philip P. Simon, Judge
United States District Court